Case number 16-5109, Environmental Integrity Project et al. Appellants v. Environmental Protection Agency. Mr. Smarr for the appellants, Ms. Roswell for the appellees. Good afternoon, Your Honors. Good morning. May it please the Court, my name is Thomas Smarr and I'm appearing today on behalf of the Appellants in this matter, Environmental Integrity Project, Earth Justice and Sierra Club. I would like to reserve at least five minutes of my time for rebuttal. Section 308B of the Clean Water Act says that technical information gathered by EPA for use in Clean Water Act rulemakings shall be available to the public unless its disclosure would divulge methods or processes entitled to protection as trade secrets. In administrative proceedings below, EPA itself found that the information appellants had requested under FOIA in this case would not reveal any trade secrets. That should have been the end of the matter. After finding that disclosure would not divulge any trade secrets, EPA should have promptly released it to appellants under FOIA and EPA's own regulations. In ruling against appellants below, the District Court erroneously assumed that there was a conflict between the Clean Water Act and FOIA instead of first attempting to read the two statutes consistently. FOIA is a pro-disclosure statute whose exemptions are discretionary rather than mandatory and must be narrowly construed unless another statute, such as the Trade Secrets Act, requires an agency to keep certain information confidential. But the Trade Secrets Act further provides that information is not confidential if its disclosure is authorized by law, such as is the case with the information that is subject to the public disclosure provision of Section 308B of the Clean Water Act. You say there's no conflict, right? Yes. But if it would be exempt under Exemption 4 and it would be disclosed under Section 308, that's a conflict. Your Honor, before finding that there's a conflict, it's the responsibility of the court to interpret, to attempt to interpret the statutes consistently to give their language full effect. And if we start with Exemption 4, as you know, there's the language that says subsequent statutes may not be held to supersede or modify except to the extent that it does so expressly. That's correct, Your Honor. And as the Supreme Court held in the Chrysler v. Brown case, and as this court has observed over time, there's only a mandate that agencies withhold information under FOIA when there is a separate statute that requires that. And with respect to Exemption 4, it's the Trade Secrets Act, which does include the exemption for or does permit disclosures when authorized by law. We are not aware of any case where the district court applied the kind of analysis that was applied in this case, applying 5 U.S.C. 559 and this court's Church of Scientology of California precedent to hold that another public disclosure statute is in conflict with and must be limited by 5 U.S.C. 559. The Church of Scientology case, however, presents an entirely opposite situation as in this case. Right here was 308 in that. It was enacted with the Clean Water Act Amendments of 1972, Your Honor. And what year was the approval of information? FOIA was adopted. There were a couple of different iterations in the late 1960s, 1966, 1967, I believe. This case involves- In FIFRA, are you familiar with the FIFRA statute? Yes, Your Honor. The language in FIFRA is exactly the same as the language in Exemption 4 of the Freedom of Information Act. It's not just trade secrets. It's anti-confidential business information. I believe that's correct, Your Honor. What does it matter that FOIA is discretionary? You've emphasized that a couple of times. It matters, Your Honor, because in evaluating whether the provisions of the statute can be read consistently, FOIA has a strong presumption in favor of disclosure. Paragraph B of 5 U.S.C. 552 only speaks of exemptions in terms of what an agency may withhold. And as the Supreme Court pointed out in Crisis of Court v. Brown, FOIA only provides courts with authority to enjoin withholdings of statutes. It does not provide authority to require withholding of statutes. When looking at the overall interplay of the statutes here, and EPA's own regulations recognize this, 40 CFR 2.208D states that the agency shall not withhold a document as confidential if another statute requires its disclosure. And so in looking at the overall landscape here, one has to look not only to FOIA, but also to the Trade Secrets Act and also to the Clean Water Act Section 308B. And there is no way to read all of those three statutory provisions together and give their language full effect without recognizing the specific... The Trade Secrets Act is a criminal statute? It is, Your Honor. There's a specific language within 308B that says that all information obtained by EPA under that section for the purpose of, in this case, a rulemaking under the Clean Water Act, shall be available to the public unless its disclosure would divulge methods or processes entitled to protection as trade secrets. This is why we've described this case as a Chevron Step 1 case, Your Honor, is because there's no way to read the statute to make it consistent with FOIA Exemption 4, which specifically says that agencies may withhold trade secret and confidential information. There's no way to read those two to protect the same universe of confidential information without effectively reading that methods or processes language out of the statute. So I think I'd agree with you, but for 559, so that's what's holding me up, because 559, by its terms, envisions some conflict, and it says in cases of conflict, read the conflict in favor of FOIA unless the subsequent statute expressly repeals it. So how can I get around that here? And our position, Your Honor, is there is no need to find a conflict because when one looks at FOIA, which doesn't mandate withholding under Exemption 4, it just creates discretion in the agency to withhold. But it's discretion in the agency, not discretion with the courts. If the agency chooses to withhold, then we are not at liberty to tell them they have to disclose just because it's a discretionary statute. That's true, but when considered alongside Section 308B, which has the language shall be available to the public, and considering that Exemption 4 is only mandatory to the extent that the Trade Secrets Act requires that information be withheld, and the Trade Secrets Act specifically carves out disclosures that are authorized by law, those three statutes acting together, the only way to read them consistently would be to find that additional information is required to be disclosed under the Clean Water Act, then an agency would have the discretion to withhold under Exemption 4. EPA has offered its own opinion, of course, on the meaning of this. You would say, would you not, that if there's a statute that prohibits disclosure and FOIA requires disclosure, that FOIA prevails? That's correct, Your Honor. We would say that if FOIA requires disclosure, unless it's within the scope of one of FOIA's nine narrowly construed exemptions, that's actually what the Church of Science and Technology case was about, was there was a case where the IRS was seeking to withhold information on the grounds that a separate provision of the U.S. tax code authorized an agency to withhold information when the IRS found that it would seriously impair tax administration. And in that case, this Court properly held that because FOIA expressly prohibits agencies' withholding of information, except when it's done through the FOIA process and consistent with FOIA's narrow exemptions, that in other circumstances, FOIA must control unless there's an explicit, comprehensive displacement of FOIA in those circumstances. But here, it's the opposite presumption because FOIA has such a strong presumption in favor of disclosure. Okay. If there are no further questions, I would like to reserve the balance of my time for rebuttal.  Thank you. Good afternoon. Good afternoon. May it please the Court. In this case, EPA properly withheld under Exemption 4 of the FOIA confidential business information received from businesses in response to a survey that EPA conducted in connection with revising its steam electric power effluent guidelines. EPA concluded that release of this information would likely cause substantial competitive harm to the submitters and would impair EPA's ability to obtain similar information from companies in the future. And such a result, in turn, would hamper EPA's ability to protect human health and the environment. The parties appear to agree that the Exemption 4 of the Freedom of Information Act and the Clean Water Act should be read in harmony, but the dispute lies in what that harmony should be, how those two statutes should be interpreted. And, of course, the appellants have pivoted somewhat their argument from the district court in which they very clearly argued that the Clean Water Act superseded Exemption 4 of the FOIA. They've sort of recast their argument here on appeal to say, no, no, the two statutes should be read in harmony, and the confidential business information must be released under both statutes. However, as this court knows, when looking at a statute to try and determine how to interpret it, you go to the familiar principles of Chevron to look at the statute. And under the first step on Chevron, you look to see whether or not the statute is unambiguous on its face. Here the statute states that, and by statute I'm referring to the Clean Water Act, states that information should be available to the public unless it divulges methods or processes entitled to protection as trade secrets, and if the information is therefore considered confidential according to the purposes of the Trade Secrets Act. There is nothing that is plain or unambiguous about that language. For example, the term trade secrets, this court found in the Public Citizen Health Research Group case, was certainly not unambiguous. The court had to define the term there, and in that case, this court noted that the term trade secrets has often been given a widely used interpretation found under the restatement of tort 707, where trade secrets has been interpreted to include all confidential business information. And this court said in the... Information that gives a competitive advantage to the holder. That's correct. And that's kind of a state... Every state, I think, has adopted the restatement of torts definition, at least according to Ruffles House versus Monsanto. That's correct, Your Honor, but that definition is definitely broader than the definition of trade secrets that this court found applied to the Freedom of Information Act in the Public Citizen Health Research Group case, because the court noted that the definition in the restatement of torts was broader, but said that because Exemption 4 of the FOIA had separate language dealing with confidentiality, that for purposes of the FOIA, the term trade secrets had to be more narrow. And this court emphasized twice in that case that its decision was limited to Exemption 4, that it was not purporting to define trade secrets with respect to any other statutes, but only Exemption 4, and only because Exemption 4 had this separate language that deals with confidential business information. So how to reconcile these two statutes, the Clean Water Act and Exemption 4 of the FOIA? But not just Exemption 4, but actually all of the exemptions in the Freedom of Information Act. Because you will notice one thing that the appellants never address, is that if you adopt their interpretation of the Clean Water Act, Section 308B, that all information, unless it constitutes a narrow definition of trade secret, has to be disclosed, that means information subject to the Privacy Act that would be withheld under Exemption 6 and 7C of the FOIA, that goes. That means information that's subject to Exemption 7A, when EPA is doing an enforcement action, and it gathers information under 308. Under appellants' interpretation of 308B, Exemption 7A goes. If EPA gathers information from a confidential source in the course of one of its investigations, where it has gathered information under Section 308 from business submitters, under appellants' interpretation of Section 308B, that information goes. You can't assert Exemption 7D, 7C, 6, 7A, any of the other exemptions of the FOIA under appellants' interpretation of the Clean Water Act, Section 308B. None of those exemptions can be asserted. The other illogical part of appellants' argument is that information that is gathered by EPA or gathered by another agency, that is clearly confidential business information. No dispute about it. As soon as it's... Under your theory, what effect is 308? None. 308B, the EPA has interpreted it to be consistent with Exemption 4. So that under 308B... But suppose you wipe 308B off the map. Right. The situation then is exactly the same as you propose. 308B really has no effect whatsoever. It doesn't because it's interpreted the way Exemption 4 is, and that is that confidential business information is withheld under Exemption 4 of the FOIA. It is also withheld under Exemption 308B under EPA's longstanding interpretation that dates back to 1975 and its proposed rulemaking, 1976, when it was establishing its rule for how it was going to designate information as confidential business information. And it looked at the Clean Water Act and the Clean Air Act, and it considered it in connection with the Freedom of Information Act and said it only makes sense to read these two consistently. Because, again, if you have confidential business information that is gathered outside of 308 and it would be withheld under Exemption 4, under a palace interpretation that very same information, if it was gathered by EPA under Section 308B, would suddenly no longer be entitled to protection. That doesn't make any sense. So I'm not sure I understand the answer to Judge Randolph's question, though. Would you have needed 308B to give an exemption 4? What does 308B do? Well, in our view, it doesn't do anything because this was a FOIA request and we applied the FOIA. Does it ever do anything? Does it ever release more? I would say the one thing it does is that Congress clearly carved out effluent data in 308B and said that has to be released. So that is a congressional determination that effluent data cannot be considered confidential business information. I would say that's the only difference between Section 308B and Exemption 4 of the FOIA is that congressional determination on a very specific type of information. When 559 says that subsequent statutes may not be held to supersede except to the extent that it does so expressly, by expressly does it have to refer to FOIA itself or to the FOIA provision itself to constitute expressly? It does not. This Court, I believe, has held that. You also can look to see whether or not there are procedures that have been put in place that indicate that there was an intent to supersede the FOIA. I think you have to look at the statutory language, each particular statute, in the context. But here, because Congress, with respect to effluent data, which of course is not an issue in this case, but with respect to effluent data, Congress identified that as information. So companies can't consider that to be confidential business information. So it's not a matter of there being a conflict or carving something out. That just can't be considered confidential business information, so it couldn't be withheld under Exemption 4 of the FOIA as well. So that's the way you read those two statutes in harmony. But EPAs, again, because the statute is a clean law... It just seems to me, and I understand why you don't want to go where I'm about to go, but it seems to me that the FOIA says what it says in terms of Exemption 4. It says subsequent statutes cannot supersede unless expressly. And this statute otherwise would require disclosure, but it doesn't supersede expressly, so you're saying it has no impact. Well, it requires disclosure except on, for example, confidential business information. Right, but that's everything that's Exemption 4. That's correct. So the statute, in essence, becomes a meaningless statute as to a large category of information because Exemption 4 is already on the books. Well, I don't think it becomes meaningless, the fact that you simply can read it in harmony. I mean, it's a separate statute, and it's got a separate section dealing with disclosure of information. So the fact that it says there's one category of information that has to be disclosed, effluent data, and then simply the rest of the statute harmonizes with Exemption 4 doesn't render it superfluous. It just renders it a statute that has a disclosure provision that is in harmony with FOIA. Normally when you talk about harmony, you'll have two statutes, and you'll say instead of covering the field, you meet in the middle somewhere. But I don't see how your meeting in the middle here really would really be. Well, I mean, perhaps it's the use of the word harmony that this Court disagrees with. I think the point, however, is there's no conflict between the two. If we think there is a conflict between the two, what happens? Well, as this Court said, if there's a conflict between the two, then 559 of the APA comes into play, and the Clean Water Act cannot supersede the Freedom of Information Act. So because this was a FOIA request, it was a request for information made under the FOIA. In fact, in the district court, appellants conceded that Exemption 4 applied, as the district court noted in its opinion. They conceded this was confidential business information. They simply argued that it has to be released under the Clean Water Act. And that's why the district court issued the decision it did, which said that no, under Section 559 of the Administrative Procedure Act, you cannot have the Clean Water Act supersede Exemption 4 of the FOIA. So again, if you go back to Chevron and you go to Step 2 of Chevron, because there's no question it is not plain and unambiguous on its face, the Clean Section 308B of the Clean Water Act, then the question is whether or not EPA's reasonable interpretation of the statute is entitled to deference. I mean, EPA is the agency this court has recognized is tasked with interpreting and administering a rather complicated statute, the Clean Water Act. And EPA's interpretation is reasonable because, as it's stated in its preamble to the proposed rule dealing with making confidentiality determinations, EPA needs information from businesses in order to carry out its statutory duties under the Clean Water Act. It needs businesses to give information that businesses consider to be confidential, but that EPA needs in order to make its determinations regarding the appropriate effluent guidelines, for example, regarding permits that are given to companies in terms of the amount of effluents that they can discharge. EPA needs that information. And in this survey where they were seeking information from companies, they were able to get more information than the companies were required to give in some instances, which shed light on the information that they got, which helped them in their rulemaking process. We don't owe any deference to EPA's interpretation of the Freedom of Information Act, correct? That's correct, the Freedom of Information Act, Your Honor. And to the extent that this is not simply an interpretation of the Clean Water Act, but also an interpretation of FOIA and the interplay between the two, do we owe deference then? Because this is in part an interpretation of FOIA. I actually disagree, Your Honor. I think this is an interpretation of the Clean Water Act because under FOIA and Exemption 4, appellants have conceded that this information that's been withheld is confidential business information and it can be withheld under Exemption 4. So there's no interpretation of Exemption 4, I think, that's at issue here. As applied to Section 308. So that's where the interpretation comes in is, does Section 308B somehow give appellants greater rights to access to information than Exemption 4? So it's really an interpretation of Section 308B that, for anything to be interpreted, is at issue here. And EPA's reasonable interpretation that the purposes of Section 308 are to be served by having an interpretation of that trade secrets language to be consistent with Exemption 4 is a reasonable interpretation that's entitled to deference by this Court. Again, because of the logic of appellants' argument that other FOIA exemptions wouldn't apply, that information, if it's confidential in one context, in the very same context would not be considered confidential under their interpretation. There's an interpretation embedded, I don't know, of FOIA embedded in your argument. And the interpretation is something along the following lines, that although it's a disclosure statute, FOIA, with its exemptions, protects from disclosure anything that is exempted, even though another statute, 308B, requires its disclosure. That's an interpretation of FOIA, isn't it? Well, no, because EPA has not concluded that 308B requires disclosure. EPA's interpretation of 308B is that it covers confidential business information just like Exemption 4 does. So EPA is not interpreting that one... Is that an interpretation of the phrase trade secret? It's an interpretation of the word trade secrets in 308B. And that's where EPA has interpreted that language more broadly than this Court interpreted trade secrets under the FOIA. And EPA did that in order to assure that it would be able to have access to the information that it needs in order to carry out its statutory duties under the Clean Water Act. Counsel, the 308B doesn't just refer to trade secrets. It refers to the Trade Secrets Act. It does. And doesn't 308B have the effect of, by invoking the Trade Secrets Act, which would prohibit the disclosure, create... Well, let's put it that way. TSA has an exception. Trade Secrets Act has an exception for disclosures authorized by law.  And that has the effect, does it not, of making disclosure under FOIA discretionary rather than mandatory? No, the disclosure under Exemption 4 is not discretionary. You cannot release under Exemption 4 information that's protected by the Trade Secrets Act. This Court has held that those statutes are coextensive, and the government has actually precluded from releasing information under Exemption 4 that's protected by the Trade Secrets Act. And what case do you have in mind? It makes sense, but I'm not sure of the case. Your Honor, I believe that that is mentioned in Critical Mass, in the National Parks case, in this Court's seminal cases dealing with Exemption 4 and how confidential business information should be treated. I believe I have gone over my time. If the Court has no further questions, we urge the Court to affirm the District Court in this case. Thank you. Thank you very much. I'll give you a few minutes for rebuttal. Thank you, Your Honor. Your Honors, in response to Judge Ginsburg's question just now, EPA's counsel did misstate the law. If you look at the cases cited on page 7 of our reply brief, the Quest Communications case from the DC Circuit from 2000s, in particular, and the McDonnell-Douglas court for the U.S. Department of— What legal principle are you articulating there? Under Exemption 4, and McDonnell-Douglas case says this explicitly, withholding of confidential information is only mandatory to the extent that it's required by the Trade Secrets Act. I didn't take anything different to have been said. Okay. I heard counsel for EPA saying that withholding under FOIA Exemption 4 as such was mandatory, and that's not the law. Right. Only if it's covered also by the Trade Secret Act. That's correct, Your Honor. Okay. So, Your Honor, just quickly a few things. What about the point that all these other exemptions would be swept away under your interpretation of FOIA? That is not our position, Your Honor. There's no reason to think that this case would have any impact on the other exemptions. The reason why Exemption 4 and the confidential business information issue in this case is different is because of the Trade Secrets Act and because of the provision within the Trade Secrets Act that disclosures are permitted when authorized by law. There's no equivalent provision in the Privacy Act, for example, as would apply to Exemption 6. There's no equivalent provision with respect to Exemption 7. Protected privacy information would still need to be upheld under this analysis. So if the information has to be disclosed under 308B in isolation, and the agency says, well, we don't want to disclose it under 308B because it falls within one of the FOIA exemptions, Exemption 5, Exemption 7, what have you, what is your position? Our position would be that at that point, if there is protected privacy information at issue, it would be appropriate for the agency to withhold that information. This was one of the cases cited by the district court below is the Camarenci case from the Ninth Circuit from 2016, which made a similar finding with respect to the separate statute requiring disclosure of some of the names of I'm not understanding the theory by which we could do that in the next case, though, if we ruled for you in this case. If EPA were to receive a FOIA request that sought both information subject to Section 308B with respect to being withheld with respect to confidentiality and included within it some information that would, for example, be protected under Exemption 6, EPA would be authorized under the Exemption 6 and the Privacy Act to withhold that information, that Exemption 6 information while disclosing any information that's required to be disclosed under Section 308B. And the difference then with Exemption 4 from Exemption 6 is? That Exemption 4 is made mandatory only to the extent that the Trade Secrets Act requires that information be withheld, and the Trade Secrets Act includes the provision permitting disclosure when authorized by law. And so that incorporates separate disclosure statutes, such as the Section 308B of the Clean Water Act provision that's at issue in this case. OK, but the other exemptions are not mandatory withholding. That's correct, Your Honor, and so to the extent that there are statutory obligations, such as the Privacy Act that mandates that private information be withheld, those statutes would still operate. But what about an Exemption 7C kind of situation or 7 situation? I don't have a specific hypothetical in mind, but other exemptions that don't correspond to mandatory withholding but are discretionary withholding exemptions? Well, you said that there are privileges applicable to the withholding, then those privileges would have to be observed under FOIA. But to the extent that it's not a mandatory exemption, then yes, it would be subject to disclosure. But here, what we're talking about— Yeah, that's what I thought. So in other words, and I understand why you're resistant to get here, but if another statute prohibits disclosure, that's one thing. But if it's just an exemption, which by definition are usually discretionary, those will be overridden by your interpretation of 308B, and that's fine. We just have to be aware of that if we're going to rule for you here rather than be surprised. Well, it's important to note, Your Honor, that Section 308 is a relatively limited scope of universal information. It's information that was obtained for the purpose of a technical rulemaking, such as this one. We're talking about information about the cost and performance of wastewater treatment systems. This is not a sweeping disclosure obligation in the statute, and certainly businesses would still be free to voluntarily provide EPA with other information that's not within the narrow scope of Section 308, and that information would still be protected under Exemption 4. Right. The hypothetical, to be fair to you, the hypothetical that I was asking you is probably unlikely to arise very often, I would imagine, but in any event. What about the idea that trade secrets in the Clean Water Act is an ambiguous term? The language, all of EPA's arguments here would have the Court focus solely on the word trade secrets, but that's not the language that's used within Section 308B. Section 308B uses the phrase methods or processes entitled to protection as trade secrets, and EPA's interpretation simply reads the phrase methods or processes out of the statute. By using the phrase methods or processes, Congress here clearly intended there to be a direct link between the commercially valuable method or process and the requirement that EPA not make that available to the public. It's a very different situation from the much broader universe that's protected by FOIA Exemption 4. Your request to EPA was a request under FOIA, wasn't it? That's correct, Your Honor. And you would agree that FOIA doesn't apply, right? No, Your Honor. We don't agree that FOIA doesn't apply. FOIA is what gives us, as members of the public, the opportunity to request records from government agencies. It gives us the cause of action to I'm listening to your argument. I thought your argument is that 308 of the Clean Water Act is what requires disclosure of FOIA. So our argument, Your Honor, is that because there is a separate statute that requires disclosure, EPA may not withhold that information as confidential. EPA's own regulations say that, the 40 CFR 2.208D, as one of the factors that EPA has to evaluate in determining whether documents are confidential and may be withheld is whether another statute requires their disclosure. Did you even invoke 308D in your request for information to EPA? Not initially, Your Honor. We just made a FOIA request. It was a letter that asked for certain categories of technical information relating to the rulemaking. We did, after EPA gave us a partial response to the FOIA request, but then stated in their partial response they were withholding other information, we did include the argument about Section 308B compelling EPA to disclose the information in an administrative appeal letter we submitted to EPA. So we did include it in the administrative proceedings before the agency, and EPA did not respond to that argument in administrative proceedings below. It was only once we got to the district court that EPA offered a response to that. Okay. Thank you very much. The case is submitted.
judges: Kavanaugh, Ginsburg, Randolph